UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, vs. **CORTNEY SHIELDS**, Defendant. | 2:17-CR-20522-TGB  **ORDER GRANTING MOTION TO AMEND AND REQUIRING GOVERNMENT RESPONSE** |

Defendant Courtney Shields filed a motion for home confinement (ECF No. 43) on June 17, 2020. Subsequently, he filed a motion to amend/correct (ECF No. 50) along with a motion for compassionate release (ECF No. 51). His motion to amend states that he "seeks to amend his pleading to more specifically state his cause" and that he has "enclosed his amended Motion" in the form of the motion for compassionate release. ECF No. 50, PageID.332-33. The Government has already responded to the motion for home confinement (ECF No. 47).

Pro se pleadings are to be construed liberally. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). Mr. Shields' first motion, which references sentence reduction, is essentially a petition for habeas corpus. 28 U.S.C. § 2255. Any amendments to such petitions are governed by the rules of civil procedure. *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir.1978). After a responsive pleading has been filed, a party may amend their

1

pleading only with consent of the other party or by leave of the court, but "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Here, allowing Mr. Shields to amend his motion such that it properly frames his request will allow the Government to respond more effectively and state their position, and in turn allow the Court to rule fairly on the motion.

**WHEREFORE**, it is **HEREBY ORDERED**, that the motion to amend/correct (ECF No. 50) is **GRANTED** and the motion for compassionate release (ECF No. 51) is accepted as the amended motion. The Government shall file a response to the amended motion on or before October 13, 2020.

**SO ORDERED**, this 24th day of September, 2020.

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE